# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **8:05CV500** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND** |
| | ) | |
| **ANTHONY P. WEIDENFELLER,** | ) | **RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's objection to default judgment (Filing No. 11). The court construed the objection as a motion to set aside the default judgment and scheduled the objection for a hearing before the undersigned magistrate judge at 9:00 a.m. on February 16, 2006 (Filing No. 12).

The court held a hearing in Courtroom No. 7 on February 16, 2006. The defendant did not appear at 9:00 a.m. At the plaintiff's request, the court waited until after 9:30 a.m. to commence the hearing to provide the defendant ample opportunity to attend. The defendant did not appear. Counsel for the plaintiff explained the procedures which were used in order to obtain the default judgment. The court received into evidence Exhibit 1, an affidavit of Cassie L. Ortmeier, and Exhibit 2, a declaration by Assistant U.S. Attorney Laurie M. Barrett.

The court finds that the default judgment in this matter was properly obtained and that the defendant has failed to demonstrate exceptional circumstances warranting the setting aside of the default judgment under Fed. R. Civ. P. 60(b). Accordingly, I shall recommend to Chief Judge Joseph F. Bataillon that defendant's objection which was construed as a motion to set aside the default judgment (Filing No. 11) be denied.

**IT IS RECOMMENDED** to Chief Judge Joseph F. Bataillon that defendant's objection (Filing No. 11) be denied.

**IT IS ORDERED** that the Clerk of the Court shall mail a copy of this order to the last known address of Mr. Weidenfeller:

Anthony P. Weidenfeller
11512 Spaulding Street
Omaha, Nebraska 68164

## ADMONITION

Pursuant to NECivR 72.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Order and Report and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 16th day of February, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge